UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BPI BRIGHT POWER, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UMPQUA HOLDING CORPORATION D/B/A UMPQUA BANK, et al.,<br><br>    Defendants. | Case No. 22-cv-03285-JD<br><br>**SECOND ORDER RE DISMISSAL** |

Plaintiff BPi Bright Power Inc. alleges that scammers impersonated its business partner and duped BPi into transferring more than $150,000 to the scammers' bank account. Dkt. No. 51 ¶¶ 6-9. In addition to suing the scammers as "Doe" defendants, who remain unknown and unnamed, BPi sued its bank, defendant Umpqua Bank, and the scammers' bank, defendant Wells Fargo N.A., for not preventing the fraud. BPi alleges claims of negligence and breach of implied contract against Umpqua, and negligence and breach of section 11207 of the California Commercial Code against Wells Fargo. *See* Dkt. No. 51.

The Court dismissed the second amended complaint (SAC) with leave to amend. Dkt. No. 50. BPi filed a third amended complaint (TAC), Dkt. No. 51, which Umpqua and Wells Fargo ask to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. Nos. 52, 53. The parties' familiarity with the record is assumed, and the claims against Umpqua and Wells Fargo are dismissed with prejudice.

The Court previously dismissed the negligence and breach of implied contract claims against Umpqua because they are displaced by division 11 of the California Commercial Code, which provides an exclusive statement of a bank's duties when it executes a transfer. *See* Dkt. No. 50 at 2-3. BPi says that paragraphs 26-33 of the TAC provide fresh allegations on this point, but

they simply repeat the themes sounded in the SAC with respect to Umpqua's alleged misfeasance. They also do nothing to overcome the prior conclusion that division 11 displaces the common law claims against Umpqua, which the TAC re-alleges. Tellingly, BPi's brief in opposition did not cite a single case that might point to a different outcome here. *See* Dkt. No. 55. Consequently, the claims against Umpqua are again dismissed.

The same goes for Wells Fargo. The Court dismissed the negligence claim against Wells Fargo because BPi did not plausibly allege that it was a Wells Fargo customer, and banks do not owe duties to non-customers absent "extraordinary" circumstances not present here. Dkt. No. 50 at 3 (quoting *Software Design & Application, Ltd. V. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 479, 481-82 (1996)). BPi did not provide any new facts on this score in the TAC, and offered only purely conclusory allegations that Wells Fargo should have known its customer was a scammer. *See, e.g.,* Dkt. No. 51 ¶ 24. The recitation of procedures for opening new accounts is not meaningfully tied to facts about what Wells Fargo did or didn't do here, and in any event the breach of such procedures is arguably not the basis of "extraordinary" circumstances as contemplated by California courts. BPi's citation to an unpublished order by another district court does not improve its position. *See* Dkt. No. 54 at 2-3 (citing *Attisha Enterprises, Inc. v. Cap. One, N.A.*, No. 20-cv-01366-BEN-RBB, 2021 WL 698200 (S.D. Cal. Feb. 22, 2021)). To the extent the order may be read to impose a duty of care by a bank to a non-customer, as BPi urges, it is not consonant with *Software Design* and allied California cases cited in the Court's dismissal order. *See* Dkt. No. 50 at 3.

The section 11207 claim is untenable for similar reasons. The TAC does not plausibly allege that Wells Fargo had "actual knowledge" that "the beneficiary's name and account number refer to different persons." Dkt. No. 50 at 3 (quoting *TME Enters., Inc. v. Norwest Corp.*, 124 Cal. App. 4th 1021, 1031 (2004)). As Wells Fargo points out, BPi itself says that the fraudulent account was opened in the name of the intended beneficiary. *See* Dkt. No. 51 ¶ 28. In addition, because "the beneficiary's bank has no duty to determine whether the name and account number specified in the wire transfer refer to the same person," it does not have a concomitant duty to investigate whether the account was opened by an imposter. *TME*, 124 Cal. App. 4th at 1031-32.

2

Consequently, all of the claims against Umpqua and Wells Fargo are dismissed. Because BPi has now had multiple opportunities to plead plausible claims and further amendment would be futile, the dismissal is without leave to amend. *See California Spine & Neurosurgery Inst. v. Blue Cross of California*, No. 22-CV-03782-JD, 2023 WL 6226370, at *4 (N.D. Cal. Sept. 22, 2023).

With respect to the Doe defendants, the case was removed to this Court in June 2022. *See* Dkt. No.1. The docket does not indicate that any Doe defendants have been served at all, let alone within the 90-period mandated by Federal Rule of Civil Procedure 4(m). Although an argument can be made that the Doe defendants may be dismissed at this time, the Court will give BPi an opportunity to serve them by October 27, 2023. If service is not effected by that deadline, the Doe defendants will be dismissed without prejudice, and the case closed.

**IT IS SO ORDERED.**

Dated: October 12, 2023

JAMES DONATO
United States District Judge